Quarles & Brady LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ  85004-2391
TELEPHONE 602.229.5200

Jeffrey H. Wolf (#11361)
Jeffrey.Wolf@quarles.com
Christian G. Stahl (#029984)
Christian.Stahl@quarles.com
Lauren Elliott Stine (#025083)
Lauren.Stine@quarles.com
Kristen M. Arredondo (#34052)
Kristen.yost@quarles.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ReBath, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Baths & More of Georgia, LLC, a Georgia limited liability company; Justin Hutto, an individual; Leslie Hutto, an individual,<br><br>Defendants. | NO. 2:19-cv-05276-MTL<br><br>**PLAINTIFF'S MOTION FOR SANCTIONS BASED ON DEFENDANTS' FAILURE TO COMPLY WITH THE COURT'S MANDATORY INITIAL DISCOVERY REQUIREMENTS** |

Plaintiff ReBath, LLC ("ReBath") hereby moves for sanctions against defendants Justin and Leslie Hutto ("Defendants") based on their failure to comply with the Mandatory Initial Discovery Pilot Project ("MIDP") General Order 17-08 and this Court's Order dated January 6, 2020. (Dkt. 36). Despite multiple requests and court orders, Defendants have failed or refused to serve their MIDP responses and document productions to date. Sanctions are therefore warranted. This motion is supported by the following memorandum of points and authorities and the entire record in this action. A certificate of good faith effort of personal consultation is attached hereto as "**Exhibit A**".

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION AND BACKGROUND.**

ReBath filed its complaint on September 26, 2019. (Dkt. 1.) Pursuant to General Order 17-08, the parties' MIDP responses were due on or before November 22, 2019. The Court sent a copy of General Order 17-08 to the parties and notified them of their MIDP obligations on September 27, 2019. (Dkt. 10.)  ReBath timely served its MIDP responses by the deadline. (Dkt. 30.) Defendants did not.

On December 13, 2019, ReBath's counsel met and conferred with defendant Leslie Hutto regarding the parties' joint case management report, and asked that Defendants serve their delinquent MIDP responses by no later than December 20, 2019. (*See* Dec. 13, 2019 Email from K. Arredondo, attached as "**Exhibit B**".) Defendants again failed to serve their MIDP disclosures.

On December 23, 2019, ReBath informed Defendants that ReBath still had not received Defendants' delinquent MIDP responses and again inquired about the status. (*See* Dec. 23, 2019 Email from K. Arredondo, attached as "**Exhibit C**".) Defendants failed or refused to respond to ReBath's request.

In fact, since the parties' joint case management call on December 13, Defendants have ignored every email that counsel for ReBath has sent them, declined to contribute to the draft case management report, and failed to appear at the scheduling conference held on January 6, 2020. (Dkt. 36.)

The Court and ReBath discussed Defendants' failure to serve MIDP disclosures at the January 6 scheduling conference.  In its Scheduling Order filed January 6, 2020, the Court ordered that MIDP responses "shall be exchanged by **January 17, 2020**." (Dkt. 37.) That same day, counsel for ReBath sent Defendants a copy of the Scheduling Order. (*See* Jan. 6, 2020 email from K. Yost, attached as "**Exhibit D**".)

Three weeks have now passed since the January 17 deadline, and Defendants still have not served their delinquent MIDP responses. Prior to filing this Motion, counsel for ReBath attempted in good faith to personally consult with Defendants, but Defendants

1  failed to respond.

2  **II.    <u>THE COURT SHOULD ENTER SANCTIONS AGAINST DEFENDANTS.</u>**

3  General Order 17-08 provides that "Rule 37(b)(2) shall apply to mandatory
4  discovery responses required by this order." Under Rule 37(b)(2), a litigant may move for
5  sanctions against a party who fails to obey a discovery order—in this case, General Order
6  17-08. Among others, Rule 37(b)(2) sets forth the following available sanctions for failure
7  to comply with a discovery order: "prohibiting the disobedient party from supporting or
8  opposing designated claims or defenses, or from introducing designated matters in
9  evidence;" "striking pleadings in whole or in part;" and "rendering a default judgment
10 against the disobedient party." Fed. R. Civ. P. 37(b)(2)(ii), (iii), (vi).

11 "By the very nature of its language, sanctions imposed under Rule 37 must be left
12 to the sound discretion of the trial judge." *O'Connell v. Fernandez–Pol*, 542 Fed.Appx.
13 546, 547–48 (9th Cir.2013) (citing *Craig v. Far West Eng'g Co.*, 265 F.2d 251, 260 (9th
14 Cir.1959)). The Court's authority to impose sanctions is subject to two limitations: "(1)
15 the sanction must be just; and (2) the sanction must specifically relate to the particular
16 claim at issue in the order." *United States v. Nat'l Med. Enterprises, Inc.*, 792 F.2d 906,
17 910 (9th Cir. 1986).

18 Under the circumstances, and based on Defendants' repeated failure to comply
19 with the Court's orders and otherwise communicate with Plaintiff, the Court should
20 sanction Defendants by striking their answer and entering default judgment against them.
21 As demonstrated below, these case-dispositive sanctions are an appropriate and just
22 sanction.

23 The Ninth Circuit has constructed a five-part test to determine whether a case-
24 dispositive sanction under Rule 37(b)(2) is just: "(1) the public's interest in expeditious
25 resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice
26 to the party seeking sanctions; (4) the public policy favoring disposition of cases on their
27 merits; and (5) the availability of less drastic sanctions." *Connecticut Gen. Life Ins. Co. v.*
28 *New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). Although there are five

1 factors, the test is "not mechanical" and courts typically focus on factors five and three. *See id.* Those factors weigh in favor of ReBath's requested relief.

First, the risk of prejudice to ReBath is high and strongly supports the entry of a case-dispositive sanction. Although Defendants have answered the complaint, they have subsequently refused to participate in proceedings, respond to ReBath's repeated requests for disclosures, or otherwise provide any support for their asserted defenses and/or denials in their answer. ReBath timely served its MIDP disclosures in which it specifically laid out the factual and legal theories of its claims, listed and described potential witnesses and the substance of their testimony, and produced numerous documents potentially relevant to its claims. Defendants, on the other hand, have produced nothing. Defendants' continued failure to serve its MIDP disclosures thwarts ReBath's ability to prosecute its case, because it cannot ascertain the factual or legal basis of Defendants' defenses.

Second, the availability of lesser sanctions does not weigh against default judgment, and the mere "availability of less drastic sanctions does not necessitate that those lesser sanctions be employed in the instant matter." *Wood v. Allstate Ins. Co.*, 2019 WL 2588442, at *2 (D. Ariz. June 24, 2019) (alterations and quotations omitted). Here, Defendants have had ample time, notice, and opportunity to comply with their MIDP disclosure obligations: the Court informed Defendants of their MIDP obligations on September 27, 2019 (Dkt. 10); ReBath served its MIDP disclosures on November 22, 2019 (Dkt. 30); ReBath requested that Defendants serve their delinquent MIDP disclosures on multiple occasions (*see* Ex. B, C); the Court gave Defendants a final deadline by which Defendants were required to serve their MIDP disclosures (Dkt. 37); and ReBath sent that final deadline to Defendants (Ex. D).

Despite notice, Defendants have repeatedly failed to comply and have categorically refused to participate in this proceeding since filing their Answer. Accordingly, severe sanctions are warranted. *See Wood*, 2019 WL 2588442, at *2 (finding that availability of lesser sanctions did not weigh against dismissal of pro se plaintiffs' claims where the plaintiffs repeatedly failed to respond and had "done nothing to prosecute the case since

- 4 -

the action was removed"); *Baker v. Limber*, 647 F.2d 912, 918 (9th Cir. 1981) (stating that courts may impose case-dispositive sanctions where the disobedient party's "noncompliance with discovery procedures is due to willfulness or bad faith"); *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1340 (9th Cir. 1985).[1]

Finally, the Court should not be deterred from entering case-dispositive sanctions because Defendants are pro se. The Ninth Circuit has stated that a court "cannot . . . decline to impose any sanction, where a violation has arguably occurred, simply because plaintiff is proceeding pro se." *Warren v. Guelker*, 29 F.3d 1386, 1389-90 (9th Cir. 1994); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("[P]ro se litigants are bound by the rules of procedure."). Moreover, courts within this District have recognized that a pro se plaintiff's failure to comply with the MIDP or the local rules may result in judgment in the other party's favor. *Reyes v. City of Phoenix*, 2018 WL 4377161, at *3 (D. Ariz. Sept. 14, 2018) (noting that, "[u]nder the MIDP, a party seeking affirmative relief must serve its responses to the mandatory initial discovery no later than 30 days after the first pleading filed in response to its complaint. Failure to follow this rule is a proper ground for dismissal.") (quotations and citations omitted); *see also Ghazali*, 46 F.3d 52, 53 ("Failure to follow a district court's local rules is a proper ground for dismissal.").

### III.   CONCLUSION AND REQUEST FOR ATTORNEYS' FEES AND COSTS.

For these reasons, ReBath respectfully requests that the Court sanction Defendants under Rule 37(b)(2) for their blatant failure to comply with General Order 17-08 by striking Defendants' Answer and entering default judgment against them.

The Court should also award ReBath its attorneys' fees and costs incurred in bringing this motion. Under Rule 37(b)(2)(C), the district court "*must* order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an

---

[1] If the Court is inclined to impose lesser sanctions, the Court should at the very least preclude Defendants from attempting to use evidence or arguments that should have been disclosed in their MIDP disclosures. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii).

award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added).  Defendants bear the burden of demonstrating (and will not be able to demonstrate) that their failure is justified or that special circumstances would make the award unjust. Fed. R. Civ. P. 37(b) advisory committee's note to the 1970 amendments; *David v. Hooker, Ltd.*, 560 F.2d 412 (9th Cir. 1977).[2]

RESPECTFULLY SUBMITTED this 7th day of February, 2020.

> QUARLES & BRADY LLP
> Renaissance One
> Two North Central Avenue
> Phoenix, AZ  85004-2391
>
> By: */s/  Lauren Elliott Stine*
> Jeffrey H. Wolf
> Lauren Elliott Stine
> Christian G. Stahl
> Kristen M. Arredondo
>
> *Attorneys for Plaintiff ReBath, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2020, a true copy of the foregoing document was filed with the ECF system and will be electronically sent to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to Defendants as follows:

Justin Hutto
Leslie Hutto
2281 Snow Hill Church Rd.
Rentz, GA 31075
justin@justinhutto.com
info@xtremeremodelingco.com
lhutto@xtremeremodelingco.com

---

[2] Upon an order from the Court granting this request, ReBath will submit an application for attorneys' fees and costs.

1  Baths & More of Georgia, LLC
   c/o Justin Hutto
2  709 C Industrial Boulevard
   Dublin, GA 31021
3

4                                    */s/ Maria Marotta*