WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ReBath LLC, | No. CV-19-05276-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Baths & More of Georgia LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff ReBath, LLC's ("ReBath") Motion for Sanctions Based on Defendants' Failure to Comply With Court's Mandatory Initial Discovery Requirements (Doc. 38.) For reasons that follow, the Motion is granted.

**I.     BACKGROUND**

ReBath filed a Complaint (Doc. 1) and Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) on September 26, 2019, alleging trademark infringement, false designation of origin, and breach of contract stemming from Defendants' use of the RE-BATH brand. The next day, the Court gave notice to the parties that the case was subject to the Mandatory Initial Discovery Pilot ("MIDP") and directed the parties to review General Order 17-08, which establishes key features and deadlines for initial discovery requests. (Doc. 10.)

Defendants are Baths & More of Georgia LLC, Justin Hutto and Leslie Hutto. (Doc. 1.) Baths & More of Georgia has not appeared in this action. The Hutto Defendants, who are proceeding *pro se*, filed an Answer on October 23, 2019 (Doc. 26) but did not respond

to the Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 24.) The Court granted the Preliminary Injunction due to Defendants' failure to respond. (Doc. 25.)

In the Order Setting Rule 16 Scheduling Conference, issued November 5, 2019, the Court ordered the parties to meet and confer to develop a Joint Proposed Case Management Report. (Doc. 29 at 2.) Defendants declined to contribute to the joint report. (Doc. 36.)

Pursuant to General Order 17-08, the parties' MIDP responses were due on or before November 22, 2019. (Doc. 10.) ReBath timely served its MIDP responses by the deadline. (Doc. 30.) Defendants did not.

Defendants also failed to appear at the scheduling conference on January 6, 2020. (Doc. 36.) In the Scheduling Order, filed January 6, 2020, the Court ordered Defendants to serve their MIDP responses by January 17, 2020. (Doc. 37.) Defendants have still not served their MIDP responses.

ReBath filed the Motion for Sanctions on February 7, 2020, asking the Court to strike the Hutto's Answer and enter a default judgment against them for their failure to serve MIDP responses. (Doc. 38.) ReBath emailed a copy of the Motion for Sanctions to Defendants on February 10, 2020. Defendants did not respond. On March 24, 2020, the Court ordered the Hutto Defendants to show cause by April 10, 2020 why sanctions should not be imposed for their failure to comply with the Court's prior orders, including General Order 17-08. (Doc. 41.) To date, Defendants have not responded.

**II.    LEGAL STANDARDS**

Under Rule 37(b)(2), if a party fails to obey an order to provide or permit discovery, the court where the action is pending may issue further just orders, including "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(iii), (vi). General Order 17-08, which establishes the MIDP, provides that "Rule 37(b)(2) shall apply to mandatory discovery responses required by this order."

The Ninth Circuit has constructed a five-part test to determine whether a case-

dispositive sanction under Rule 37(b)(2) is just: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). Although there are five factors, the test is "not mechanical" and courts typically focus on factors three and five. *See id.* Only "willfulness, bad faith, or fault" justify terminating sanctions. *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003).

### III.  DISCUSSION

The Court agrees that striking the Hutto's Answer and entering a default judgment against them are appropriate sanctions for their failure to comply with the Court's prior discovery orders, including General Order 17-08. First, the public's interest in expeditious resolution of litigation and the court's need to manage its docket weigh in favor of striking the Answer and entering a default judgment. Defendants have willfully and categorically refused to participate in this litigation since filing their Answer. They have also ignored the Court's orders to participate in the drafting of the Joint Case Management Report, appear for the Rule 16 conference, respond to ReBath's Motion for Sanctions, communicate with ReBath's counsel and serve their MIDP responses.

Next, the risk of prejudice to ReBath is great. Without Defendants' MIDP responses, ReBath cannot fully ascertain the factual or legal bases of Defendants' defenses. Defendants' failure to comply with General Order 17-08 causes significant risk of prejudice to ReBath by thwarting ReBath's ability to prosecute its case.

Finally, while the Court is mindful of the public policy favoring disposition on the merits, the Court anticipates that Defendants' pattern of noncompliance will only continue if lesser sanctions are imposed. Defendants have had ample time, notice, and opportunity to comply with their MIDP disclosure obligations. Despite notice, however, Defendants have repeatedly failed to comply. In granting these case-dispositive sanctions, the Court

also considered that Defendants did not respond to ReBath's Motion for Sanctions, despite being given multiple opportunities to do so, and the failure to respond may be deemed consent to granting the motion under LRCiv 7.2(i).

## IV.   CONCLUSION

**IT IS ORDERED** granting Plaintiff's Motion for Sanctions and Request for Summary Disposition.  (Doc. 38.)

**IT IS FURTHER ORDERED** striking the Hutto Defendants' Answer (Doc. 26). The Court anticipates that by striking Defendants' Answer, Plaintiff will, consistent with this Order, seek default judgment.  Thus, the striking of the Answer is a case-dispositive sanction.

**IT IS FURTHER ORDERED** that Plaintiff shall apply for entry of default against the Hutto Defendants pursuant to Fed. R. Civ. P. 55(a) within fourteen (14) days of the date of this Order.

**IT IS FURTHER ORDERED** that within fourteen (14) days of the clerk's entry of default against the Hutto Defendants Plaintiff must apply to the Court for the entry of a default judgment against all three defendants.

**IT IS FURTHER ORDERED** awarding Plaintiff, pursuant to Rule 37(b)(2)(C), reasonable attorneys' fees and costs incurred in connection with the Motion for Sanctions and Notices of Defendants' Non-Opposition to Plaintiff's Motion for Sanctions and Request for Summary Disposition.  Plaintiff shall include the application for such fees and costs in its application to the Court for default judgment.

Dated this 20th day of April, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge