**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ReBath LLC, | No. CV-19-05276-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Baths & More of Georgia LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiff ReBath LLC's Motion for Default Judgment as to Defendants Justin Hutto and Leslie Hutto (the "Hutto Defendants") (Doc. 47). For the following reasons, the motion will be denied without prejudice.

**I.**

Plaintiff filed a Complaint (Doc. 1) and Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) alleging trademark infringement, false designation of origin, and breach of contract against the Hutto Defendants and Baths & More of Georgia LLC ("Baths & More"). On October 24, 2019, the Court granted Plaintiff's Motion for Preliminary Injunction due to Defendants' failure to respond. (Doc. 25.) Then, on April 20, 2020, the Court granted Plaintiff's Motion for Sanctions and Request for Summary Disposition and struck the Hutto Defendants' Answer. (Doc. 44.)

In that same order, the Court directed Plaintiff to "apply for entry of default against the Hutto Defendants pursuant to Fed. R. Civ. P. 55(a) within fourteen (14) days of the date of this Order."[*] (*Id*. at 4.) Plaintiff timely did so, and the Clerk of the Court entered default

---

[*] The Clerk of the Court had previously entered default against Baths & More on December

against the Hutto Defendants on April 30, 2020. (Doc. 46.) The Court directed Plaintiff that "within fourteen (14) days of the clerk's entry of default against the Hutto Defendants Plaintiff must apply to the Court for the entry of a default judgment against *all three defendants*." (Doc. 44 at 4) (emphasis added). It also awarded Plaintiff, pursuant to Rule 37(b)(2)(C), its reasonable attorneys' fees and costs incurred in connection with the Motion for Sanctions and Notices of Defendants' Non-Opposition. The Court directed Plaintiff to "include the application for such fees and costs in its application to the Court for default judgment." (*Id.*)

Nearly three months later, on July 20, 2020, Plaintiff filed the pending Motion for Default Judgment against the Hutto Defendants. (Doc. 47.) The motion does not reference Baths & More. Due to the untimeliness and the omission of Baths & More, the Court ordered a status report. (Doc. 48.) Plaintiff's status report states, with respect to timing, that it interpreted the Order to require the application for *default* to include the request for attorneys' fees and costs. (Doc. 49 at 2.) When the Clerk of the Court did not rule on the fee motion, Plaintiff "assumed the Court had taken the fee application under advisement and that it should wait until the Court had ruled on the pending fee application to submit the application for the entry of default judgment." (*Id.* at 2.) When the order did not issue, ReBath ultimately "filed its motion for entry of default judgment and included the fee application again." (*Id.*) With respect to Baths & More, Plaintiff states that it "inadvertently" failed to include Baths & More in its motion for default judgment. (*Id.* at 1.) Plaintiff further states that it is "now prepared to submit an Amended Motion for Entry of Default Judgment to include Baths & More as a party against whom default judgment is sought." (*Id.* at 2.)

**II.**

Once a default has been entered and a defendant fails to move to set aside the default, the Court may enter a default judgment. Fed. R. Civ. P. 55(b)(2). The entry of default judgment is within the Court's discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092

---

4, 2019. (Doc. 33.)

(9th Cir. 1980). When a case involves multiple defendants, "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b) In *Frow v. De La Vega*, 82 U.S. 552 (1872), the Supreme Court held that where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered until the matter has been adjudicated as to all defendants. *Id*. at 554. The Ninth Circuit has extended this principle to defendants that are "similarly situated, even if not jointly and severally liable." *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001). *See also First Horizon Home Loans v. Centerpiece Mortg., LLC*, No. CV-11-0995-PHX-JAT, 2012 WL 2369259, at *2 (D. Ariz. June 22, 2012) ("[W]here defendants have closely related defenses or are otherwise similarly situated, the Court should not enter default judgment until the matter has been adjudicated as to all defendants. Further, judgment should not be entered against one defendant until the matter has been adjudicated with regard to all defendants, if judgment would produce logically inconsistent judgments in the same action.").

Here, to grant the pending motion would be to enter default judgment against the Hutto Defendants but not against Baths & More. Although Plaintiff's Complaint does not allege joint and several liability, the defendants are "similarly situated" in that the Hutto Defendants are the "principals and co-owners of Baths & More." (Doc. 1 ¶ 4.) Further, all three of Plaintiff's claims are against all three defendants. (*Id*. at 19-22.) The Court acknowledges that the likelihood of inconsistent judgments in this case is low, particularly given that default has been entered against all three defendants. (Docs. 33, 46.) Nonetheless, in the interests of judicial economy, the possibility of inconsistent judgments, and Plaintiff's assertion that it is "prepared to submit an Amended Motion for Entry of Default Judgment to include Baths & More," the Court will require Plaintiff to do so. (Doc. 49 at 2.) The pending motion will be denied without prejudice to Plaintiff's refiling of a motion for default judgment against all three defendants.

### III.

Accordingly,

**IT IS ORDERED** that Plaintiff ReBath LLC's Motion for Default Judgment as to Defendants Justin Hutto and Leslie Hutto (Doc. 47) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that no later than <u>seven</u> days from the date of this Order, Plaintiff shall file an amended motion for default judgment against all three defendants, or else the case will be dismissed for failure to prosecute.

Dated this 23rd day of October, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge