WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ReBath LLC, | No. CV-19-05276-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Baths & More of Georgia LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiff ReBath LLC's Motion for Default Judgment Against Defendants Justin Hutto, Leslie Hutto (the "Hutto Defendants") and Baths & More of Georgia, LLC ("Baths & More") (collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure 55(b)(2). (Doc. 51.) Defendants have not filed a response. The motion is granted.

**I.   BACKGROUND**

Plaintiff filed a Complaint (Doc. 1) and Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) alleging trademark infringement, false designation of origin, and breach of contract against the Hutto Defendants and Baths & More. For the purposes of this Order, the facts alleged in the Complaint are assumed to be true, except as to damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

On October 24, 2019, the Court granted Plaintiff's Motion for Preliminary

Injunction due to Defendants' failure to respond. (Doc. 25.) Then, on April 20, 2020, the Court granted Plaintiff's Motion for Sanctions and Request for Summary Disposition and struck the Hutto Defendants' Answer. (Doc. 44.) It also awarded Plaintiff its reasonable attorneys' fees and costs, pursuant to Rule 37(b)(2)(C), incurred in connection with the Motion for Sanctions and Notices of Defendants' Non-Opposition. The Court directed Plaintiff to "include the application for such fees and costs in its application to the Court for default judgment." (*Id*. at 4.)

The Clerk of the Court has entered default against Baths & More and the Hutto Defendants. (Docs. 33, 46.) Upon Plaintiff's filing of a motion for default judgment against only the Hutto Defendants (Doc. 47), the Court denied the motion without prejudice and ordered Plaintiff to file an amended motion against all three defendants. (Doc. 50.) Plaintiff filed the pending motion for default judgment against the Hutto Defendants and Baths & More on October 29, 2020. (Doc. 51.) Defendants have not responded.

## II.   DISCUSSION

### A.   Default Judgment

Once a default has been entered and a defendant fails to move to set aside the default, the Court may enter a default judgment. Fed. R. Civ. P. 55(b)(2). The entry of default judgment is within the Court's discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In determining whether default judgment is appropriate, the Court considers the following factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Upon consideration of the *Eitel* factors, the Court concludes that Plaintiff is entitled to default judgment. Plaintiff will be prejudiced if default judgment is denied because it "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans.*, 238

F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

The merits of Plaintiff's claims and the sufficiency of the Complaint also favor granting the motion. The Complaint asserts claims for trademark infringement under the Lanham Act, 15 U.S.C. 1114; false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)); and breach of contract. (Doc. 1 at 19–22.) As to the first two claims, to assert a claim for trademark infringement, Plaintiff must show that Defendants are using: (1) any reproduction, counterfeit, copy or colorable imitation of a mark, (2) without Plaintiff's consent, (3) in commerce, (4) in connection with the sale, offering for sale, distribution or advertising of any goods or services, (5) where such use is likely to cause confusion, or to cause a mistake or to deceive. 15 U.S.C. § 1114(1)(a); *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1178 (9th Cir. 1988). The "test for whether trademark infringement has occurred is identical to the test for whether false designation of origin has occurred." *Adidas Am., Inc. v. Calmese*, 662 F. Supp. 2d 1294, 1298 (D. Or. 2009), aff'd, 489 F. App'x 177 (9th Cir. 2012) (citing *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 632 (9th Cir. 2008)). The "critical determination" for both is whether an alleged infringer's use of a mark creates a "likelihood that the consuming public will be confused as to who makes what product." *Jada Toys, Inc.*, 518 F.3d at 632 (quotation and citation omitted).

The Complaint's allegations, taken as true, suggest a high likelihood of confusion. The Complaint states that Plaintiff "is the owner of all right, title and interest in and to the RE-BATH trademarks, brand, trade name and associated design trademarks." (Doc. 1 ¶ 19.) It states that Defendants, formerly one of Plaintiff's franchisees, have "continued to use and/or affiliate with the ReBath name and RE-BATH® Marks" but are not authorized to do so. (*Id.* ¶ 47.) Specifically, Plaintiff states that Defendants continue to own or be associated with competing businesses that "advertise, market, and offer products or services similar or identical" to Plaintiff's. (*Id.* ¶ 51.) The Court concludes that Plaintiff has adequately pled its trademark infringement and false designation of origin claims. (*Id.* at 19-22.)

To prevail on Plaintiff's third claim, for breach of contract, it "must show a contract, a breach of contract, and damages." *Best Western Int'l, Inc. v. Patel*, 523 F. Supp. 2d 979, 988 (D. Ariz. 2007) (*citing Graham v. Asbury*, 112 Ariz. 184, 185 (1975)). Based on the facts described in the Complaint, Plaintiff has pled a prima facia case that Defendants breached the Franchise Agreement at issue. (Doc. 1 at 23.)

As to the remaining *Eitel* factors, and as discussed further below, the sum of money at stake also weighs in favor of granting default judgment. Plaintiff does not seek monetary damages beyond an award of $9,488.00 in attorneys' fees. (Doc. 51 at 3.) There is also no possible dispute concerning material facts because upon entry of default, the factual allegations of the Complaint are taken as true. *Geddes*, 559 F.2d at 560. Defendants' failure to participate in this case was also unlikely due to excusable neglect. The Hutto Defendants previously filed an answer, on October 23, 2019, but have not appeared in the case since. (Doc. 26.) Baths & More has not appeared in the more than a year that this case has been pending, despite successful service. (Doc. 19.) Lastly, the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits weighs against default judgment, as always. The Court finds that this factor is not sufficient to outweigh the other *Eitel* factors, however. Plaintiff is therefore entitled to default judgment.

### B.     Attorneys' Fees

Upon determining that default judgment is appropriate, the Court now turns to Plaintiff's request for attorneys' fees. Plaintiff seeks $9,488.00 in fees from the Hutto Defendants. (Doc. 51 at 3.) Plaintiff's fee request is supported by the declaration of attorney Jeffrey H. Wolf and an itemized fee statement. (Doc. 51-1.)  *See Doe v. United States*, No. CV-17-01991-PHX-GMS (JZB), 2018 WL 2431774, at *8 (D. Ariz. May 30, 2018) ("In determining damages, a court can rely on declarations submitted by the plaintiff[.]") (citation omitted). Rule 54.2(c) of the Local Rules of Civil Procedure requires a party seeking fees and costs to include (1) "the applicable statutory or contractual authority upon which the movant seeks an award of attorneys' fees and related non-taxable expenses," (2) the relevant legal authority, and (3) the reasonableness of the requested award, listing

thirteen (13) non-exhaustive factors. LRCiv 54.2(c); *see also Waldrop v. LTS Collections Inc.*, No. CV-20-00246-PHX-MTM, 2020 WL 6545772, at *8 (D. Ariz. Nov. 6, 2020). Plaintiff has complied with these requirements.

As the Court previously ordered, Plaintiff is entitled to attorney's fees pursuant to Rule 37(b)(2)(C). (*See* Doc. 44 at 4) (awarding "Plaintiff, pursuant to Rule 37(b)(2)(C), reasonable attorneys' fees and costs incurred in connection with the Motion for Sanctions and Notices of Defendants' Non-Opposition to Plaintiff's Motion for Sanctions and Request for Summary Disposition."). Plaintiff's requested fees are also reasonable. Federal courts generally use the "lodestar" method to calculate reasonable attorney's fees. The Court takes a "reasonable hourly rate" and multiplies the rate by "the number of hours reasonably expended on the litigation." *Bray v. Maxwell & Morgan PC*, No. CV-18-00486-PHX-DGC, 2017 WL 5668269 at *1 (D. Ariz. Nov. 27, 2017) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Determination of the "reasonable hourly rate" requires consideration of the novelty and complexity of the issues, the skill and experience of counsel, the quality of representation, and the results obtained. *Id*. at *2.

Here, counsel's hourly rates, ranging from $305.00 for an associate to $550.00 for Mr. Wolf, a partner, are reasonable. In particular, the Court notes that Mr. Wolf completed a small percentage of the work on this matter—2.9 of the 25.3 hours—and that he has 33 years of experience in civil and commercial litigation, the "vast majority" of which have focused on franchise, contract, unfair competition and fraud cases. (Doc. 51-1 at 2, 9.) The Court also finds the total hours worked on this matter—25.3 hours—to be reasonable. This is particularly the case given Plaintiff's efforts to draft a motion for sanctions and for summary disposition, given Defendants' failure to participate in this case. The Court concludes that "none of Plaintiff's billed services are so unreasonable as to warrant a reduction in the hours documented." *Waldrop*, 2020 WL 6545772, at *9. Plaintiff is therefore entitled to recover $9,488.00 in fees from the Hutto Defendants.

**III. CONCLUSION**

Accordingly,

1  **IT IS ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 51) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment in favor of Plaintiff and against Defendants Justin Hutto and Leslie Hutto, and Baths & More of Georgia, LLC.

**IT IS FURTHER ORDERED** awarding Plaintiff attorneys' fees in the amount of $9,488.00 against Defendants Justin Hutto and Leslie Hutto.

**IT IS FINALLY ORDERED** awarding Plaintiff post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. § 1961(a).

Dated this 4th day of December, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge